Steele N. Gillaspey, Esq. (145935)
*sng@g-glaw.com*
GILLASPEY & GILLASPEY
The NBC Tower
225 Broadway, Suite 2220
San Diego, California 92101
Telephone:    619.234.3700
Attorney for Plaintiffs,
CARROLL SHELBY WHEEL CO., INC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES

| | |
|---|---|
| CARROLL SHELBY WHEEL COMPANY, INC. | CASE NO. |
| Plaintiff, | 2:15-CV-3859 |
| v. | HONORABLE<br>United States District Judge |
| CARROLL SHELBY TRUST;<br>CARROLL SHELBY LICENSING,<br>INC.; M. NEIL CUMMINGS; JOE<br>CONWAY; and DOES 1 to 25<br>Inclusive, | HONORABLE<br>United States Magistrate Judge |
| | DATE: |
| | TIME: |
| Defendants. | CTRM: |

# COMPLAINT

## FOR DAMAGES

## FOR EQUITABLE RELIEF

### [JURY DEMAND]

///

///

***COMES NOW*** the Plaintiff herein, the CARROLL SHELBY WHEEL COMPANY, INC., a Nevada corporation, who hereby and herewith alleges as follows against Defendants and each of them as follows:

## JURISDICTION AND VENUE

1.      This is a civil action of which this Court has original jurisdiction under 28 USC §§ (Patents, Trademarks, Copyrights).

2.      Venue is proper in this Court under 28 USC § 1391 and because, on information and belief, Defendants the CARROLL SHELBY TRUST, CARROLL SHELBY LICENSING, INC., M. NEIL CUMMINGS, JOE CONWAY and DOES 1 to 25 (all jointly referred to herein as "Defendants") are domiciled and/or doing business within this District and/or have committed tortious and/or other actionable conduct within this District as alleged herein, including, but not limited to, breaches of fiduciary duty, negligence, and breaches of contract. Moreover, said Defendants maintain a presence in this jurisdiction through such methods as, *inter alia*, doing business via an internet web site directed to and accessible to District resident.

## PARTIES

3.      Plaintiff, CARROLL SHELBY WHEEL COMPANY, INC.[hereinafter "Shelby Wheel" or "CSWC"] is, and at all times herein mentioned was, a corporation organized and existing under the laws of Nevada, with its principal place of business located in Missouri.

4.      Defendant CARROLL SHELBY TRUST ("Shelby Trust") on information and belief is, and at all times mentioned herein was, trust, located in this District and doing business throughout the United States, including California and within this Central District of California.

5.      Defendant CARROLL SHELBY LICENSING, INC., ("Shelby, Inc") on information and belief is, and at all times mentioned herein was, a California corporation doing business throughout the United States, including California and within this Central District of California.

6.     Defendant M. NEIL CUMMINGS, ("Cummings") on information and belief is, and at all times mentioned herein was, an individual domiciled within this Central District of California. Cummings is an officer, director, management person and/or representative of the Shelby Trust and Shelby, Inc. Until recently, Cummings was a director of CSWC.

7.     Defendant JOE CONWAY, ("Conway") on information and belief is, and at all times mentioned herein was, an individual domiciled within this Central District of California. Conway is an officer, director, management person and/or representative of the Shelby Trust and Shelby, Inc. Until recently, Conway was a director of CSWC.

8.     Plaintiff is ignorant of the true names and capacities of those defendants DOES 1 to 25, inclusive, and for that reason sues such defendants by such fictitious names. Plaintiff is informed and believes, and on such information and belief, alleges that the fictitiously named defendants, and each of them, are responsible and liable in some manner for the damages sustained by Plaintiff, inclusive of working in active concert with Defendants. Plaintiff will seek leave of this Court to amend this Complaint when the true names/capacities of said defendants are ascertained with requisite certainty.

9.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent, representative and/or partner of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such representation, agency and/or partnership.

///

///

# FIRST CLAIM FOR RELIEF

## [PATENT INFRINGEMENT]

10.     Plaintiff realleges and incorporates ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

11.     This is a claim for patent infringement, a matter of original federal jurisdiction under the U.S. Constitution and the United States Patent Laws, 35 USC §§ 271, *et seq.*

12.     Shelby Wheels is the owner of that valid design patent identified as United States Patent D523,801 as issued by the United States Patent & Trademark Office ("USPTO") on June 27, 2006. EXHIBIT 1, attached hereto and incorporated herein by this reference.

13.     Shelby Wheels is the owner of that valid design patent identified as United States Patent D524,218 as issued by the USPTO on July 4, 2006. EXHIBIT 2, attached hereto and incorporated herein by this reference.

14.     Shelby Wheels is the owner of that valid design patent identified as United States Patent D527,330 as issued by the USPTO on August 29, 2006. EXHIBIT 3, attached hereto and incorporated herein by this reference.

15.     Shelby Wheels is the owner of that valid design patent identified as United States Patent D554,034 as issued by the USPTO on October 30, 2007. EXHIBIT 4, attached hereto and incorporated herein by this reference.

16.     Defendants Shelby Trust and Shelby, Inc., have actual and express knowledge of the subject matter Patents and the ownership by Shelby Wheels, as said defendants were engaged in the, *inter alia*, marketing and sale of said wheels with the permission of Shelby Wheels.

17.     Shelby Wheels asserts that Shelby Trust and Shelby, Inc. have improperly asserted rights to the Shelby Wheels patented products and are using and/or marketing and/or selling products covered by said products, including, but not limited to a major automotive manufacturer - all without the permission of Plaintiff.

18.   In aggravation, Shelby Trust and Shelby, Inc have engaged in such unlawful conduct through the active participation of officers, directors and/or representatives of said Defendants, who were formerly directors of Shelby Wheels, namely, Cummings and Conway.

19.   Cummings and Conway, and others acting in concert with them, have exerted Shelby Trust and Shelby, Inc, in ths District, to engage in the acts of infringement, and have caused Shelby Trust and Shelby, Inc to so infringe, all to the harm of CSWC. Cummings and Conway are thus properly held individually liable for any harm arising generally or specifically from acts of infringement. Cummings and Conway owed fiduciary duties to CSWC, inclusive of duties of loyalty, and Cummings and Conway breached those duties, inclusive of within this District.

20.   Defendants acts were, and are, knowing, intentional, continuing and done to unjustly enrich Defendants at the expense of, and to the harm of Plaintiff, *e.g.* deliberate and wilful acts intended to harm Plaintiff.

21.   As a direct result of Defendants' wrongful acts, inclusive of infringement of intellectual property rights, Shelby Wheels continues to suffer irreparable damages and is entitled to orders enjoining such continuing acts as this Honorable Court may grant upon appropriate proceedings.

22.   As a direct result of Defendants' wrongful acts, Shelby Wheels additionally suffers and continues to suffer and sustain monetary damages in an amount to be proved at time of jury trial.

23.   The amount and extent of damages and/or reasonable royalties are within the possession and control of Defendants. Accordingly, Shelby Wheels is entitled to orders of accounting to identify all such information, and orders for constructive trust and/or equitable lien, and for orders of writ of possession, claim and delivery as this Honorable Court may grant upon appropriate proceedings.

///
///

## SECOND CLAIM FOR RELIEF

### [BREACH OF ORAL AGREEMENT]

24.     Plaintiffs reallege and incorporate ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

25.     This Claim for Relief arises under the laws of the State of California which arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to the United States Patent Laws. Venue in this Honorable Court is further proper as acts of infringement and related tortious acts have taken place in this jurisdiction.

26.     In or about February 2007, purchased 51% of the shares in the Carroll Shelby Wheel Company, Inc., with the approval and consent of Carroll Shelby, inclusive of express consent to use the name Carroll Shelby in conjunction with the manufacture, marketing, offers for sale and sale, world wide, of wheels. In excess of $ 500,000.00 was paid for the purchase of the 51% interest in Shelby Wheels, inclusive of inventory purchase/business investment/equipment and tooling.

27.     Carroll Shelby, and through him, the Shelby Trust and Shelby, Inc represented, warranted and promised that Shelby Wheel was the exclusive authorized company to use the Carroll Shelby name in the sale of wheels designed, manufactured and sold by Shelby Wheel. Carroll Shelby, *et al* maintained and maintains a 49% share of the company, which share is understood to be held by the Shelby Trust.

28.     Shelby Wheels has performed all obligations required of it, and has done so since February 2007. Defendants now purport to require Shelby Wheels to cease business and to require Shelby Wheels to cease using the Carroll Shelby name (an asset of significant value)- effectively making the business worthless.

///

///

29.　　The acts of Defendants constitute a material breach of the agreements made by Carroll Shelby, and those acting concert with Carroll Shelby.

30.　　As a direct and proximate result of the breach of contract, Shelby Wheels will sustain damages exceeding $ 750,000.00 or in an amount to be proven at the time of jury trial.

31.　　Shelby Wheels is entitled to seek, and shall seek, orders of accounting from this Honorable Court.

32.　　Shelby Wheels is entitled to seek further orders of pre-judgment writs, claim and delivery, constructive trusts, equitable liens and/or any other relief intended to preserve Plaintiffs' legal rights with respect to these matters.

///

///

# THIRD CLAIM FOR RELIEF

## [BREACH OF FIDUCIARY DUTY]

33.     Shelby Wheels realleges and incorporates ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

34.     This Claim for Relief arises under the laws of the State of California which arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to the United States Patent Laws. Venue in this Honorable Court is further proper as acts of infringement and related tortious acts have taken place in this jurisdiction.

35.     Defendant Cummings, at the instance of the Shelby Trust and/or Shelby, Inc, was a director of Shelby Wheels. As a director of Shelby Wheels, Cummings owed fiduciary duties to Shelby Wheels, including, but not limited to the duty of loyalty.

36.     Unknown to Shelby Wheels, Cummings was secretly working in this District for the enrichment of the Shelby Trust and/or Shelby, Inc to the expense and harm of Shelby Wheels. Shelby Wheels is informed and believes, and thereon alleges that, amongst other things, Cummings was engaged in aiding and abetting the Shelby Trust and/or Shelby, Inc in seeking to destroy Shelby Wheels so as to be able to place that wheel business with a large auto manufacturer for OEM or aftermarket wheels.

37.     Defendant Conway, at the instance of the Shelby Trust and/or Shelby, Inc, was a director of Shelby Wheels. As a director of Shelby Wheels, Conway owed fiduciary duties to Shelby Wheels, including, but not limited to the duty of loyalty.

38.     Unknown to Shelby Wheels, Conway was secretly working in this District for the enrichment of the Shelby Trust and/or Shelby, Inc to the expense and harm of Shelby Wheels. Shelby Wheels is informed and believes, and thereon alleges that, amongst other things, Conway was engaged in aiding and abetting the Shelby Trust and/or Shelby, Inc in seeking to destroy Shelby Wheels so as to be able to place that wheel business with a large auto manufacturer for OEM or aftermarket wheels.

///

///

39.     As a direct and proximate result of Defendants' breaches of fiduciary duties, Shelby Wheels has sustained general and special damages in an amount to be proven at the time of jury trial, but not less than $ 750,000.00 plus interest and costs.

40.     As set forth hereinabove, the acts of Defendants, and each of them, which in light of, *inter alia*, the intentional breaches of fiduciary duties, including, but not limited to, intentional acts of concealment, were knowing and malicious acts intended to cause harm to Shelby Wheels' legal rights and interests. Plaintiff is entitled to additional relief, via an award of punitive and exemplary damages in accordance with, inter alia, *Cal.Civ.C.*, § 3294.

///

///

# FOURTH CLAIM FOR RELIEF

## [UNFAIR COMPETITION - *Cal. Bus. & Prof. C.* §§ 17200, *et seq.*]

41.   Shelby Wheels realleges and incorporates ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

42.   This Claim for Relief arises under the laws of the State of California which arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to the United States Patent Laws. Venue in this Honorable Court is further proper as acts of infringement and related tortious acts have taken place in this District.

43.   Shelby Wheels is the owner of that valid design patent identified as United States Patent D523,801 as issued by the United States Patent & Trademark Office ("USPTO") on June 27, 2006. EXHIBIT 1, attached hereto and incorporated herein by this reference.

44.   Shelby Wheels is the owner of that valid design patent identified as United States Patent D524,218 as issued by the USPTO on July 4, 2006. EXHIBIT 2, attached hereto and incorporated herein by this reference.

45.   Shelby Wheels is the owner of that valid design patent identified as United States Patent D527,330 as issued by the USPTO on August 29, 2006. EXHIBIT 3, attached hereto and incorporated herein by this reference.

46.   Shelby Wheels is the owner of that valid design patent identified as United States Patent D554,034 as issued by the USPTO on October 30, 2007. EXHIBIT 4, attached hereto and incorporated herein by this reference.

47.   Shelby Wheels manufactures, markets and sells the patented wheels and related products under the name the Carroll Shelby Wheel Company, and has been doing so since 2007 in conjunction with Carroll Shelby, who consented to said use.

///

48.     Shelby Wheels is informed and believes, and based thereupon alleges that the Shelby Trust and Shelby, Inc, inclusive of by and through the breaches of fiduciary duties of Cummings and Conway, are dealing with other parties, seeking to benefit from the manufacture, marketing and sale of wheels sold under the Carroll Shelby name (Carroll Shelby Wheels), inclusive of the patented products and wrongful use of confidential information gained through breaches of fiduciary duties, all to the detriment and harm of Shelby Wheels, the other shareholder/owner of the Carroll Shelby Wheel Company.

49.     The Shelby Trust and Shelby, Inc, inclusive of through the breaches of fiduciary duties of its minions, Cummings and Conway, are believed to be using the confidential, trade secret information, and/or proprietary business methodologies of Shelby Wheels which Cummings and Conway gained through their positions as directors of Shelby Wheels.

50.     The conduct of Defendants, and each of them, in importing, using, selling, distributing, and/or soliciting vehicles wheels under the name Carroll Shelby Wheels, inclusive of use of Carroll Shelby Wheel Company patents, confidential information, trade secret information, and confidential business methodologies gained from Shelby Wheels while in a fiduciary relationship, with the purposeful intent to injure CSWC constitutes an unfair business practice under California Business and Professions Code §§ 17200, *et seq*. (Unfair competition means, inter alia, "*any unlawful, unfair or fraudulent business act or practice (or) unfair, deceptive, untrue or misleading advertising*").

51.     By and through the acts and conduct set forth hereinabove (including, but not limited to, infringement, breaches of fiduciary duties, conversion of confidential information), Defendants, and each of them, and those acting in concert with said defendants have engaged, and continue to engage in conduct constituting unfair business practices.

///

52.     Defendants, and each of them, threaten to, and unless restrained will, disrupt Plaintiff's existing economic relationships, all to Shelby Wheel's great and irreparable injury, for which damages will not afford adequate relief in that such damages will not completely compensate for the injury to Plaintiff's business and goodwill. Shelby Wheels is thereby entitled to injunctive relief, affirmative and negative, in accordance with, *inter alia*, Civ.C. §§ 525, et seq.,and FRCP, Rule 65.

53.     As a direct and proximate result of the wrongful conduct of Defendants, and each of them, as alleged herein, Plaintiff has been damaged in an amount as yet unknown which exceeds the statutory minimums of this Court and which will be proven at the time of trial.

54.     The aforementioned acts of Defendants, and each of them, were carried out with malice, oppression and fraud with the intention of harming of Plaintiff and/or in conscious disregard of Plaintiff's rights and safety, thereby warranting the assessment of exemplary damages against Defendants, and each of them, in an appropriate amount to punish Defendants and to set an example for others, pursuant to, *inter alia,* Civ.C., § 3294.

///

///

# FIFTH CLAIM FOR RELIEF

## [INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS]

55. Shelby Wheels realleges and incorporates ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

56. This Claim for Relief arises under the laws of the State of California which arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to the United States Patent Laws. Venue in this Honorable Court is further proper as acts of infringement and related tortious acts have taken place in this District.

57. Shelby Wheels is the owner of that valid design patent identified as United States Patent D523,801 as issued by the United States Patent & Trademark Office ("USPTO") on June 27, 2006. EXHIBIT 1, attached hereto and incorporated herein by this reference.

58. Shelby Wheels is the owner of that valid design patent identified as United States Patent D524,218 as issued by the USPTO on July 4, 2006. EXHIBIT 2, attached hereto and incorporated herein by this reference.

59. Shelby Wheels is the owner of that valid design patent identified as United States Patent D527,330 as issued by the USPTO on August 29, 2006. EXHIBIT 3, attached hereto and incorporated herein by this reference.

60. Shelby Wheels is the owner of that valid design patent identified as United States Patent D554,034 as issued by the USPTO on October 30, 2007. EXHIBIT 4, attached hereto and incorporated herein by this reference.

61. Shelby Wheels manufactures, markets and sells the patented wheels and other related products under the name the Carroll Shelby Wheel Company, and has been doing so since 2007 in conjunction with Carroll Shelby, who consented to said use. As part of the sales and marketing, Shelby Wheels has entered into written agreements with distributors and/or dealers for the sale of Shelby Wheel products.

62.     Shelby Trust, Shelby, Inc, Cummings and Conway, and Defendants, and each of them, had express knowledge of the agreements between Shelby Wheel and distributors, dealers and/or others. Defendants Cummings and Conway served on the Board of Shelby Wheel and had express knowledge of Shelby Wheels' confidential business information, inclusive of such agreements with Shelby Wheels' customers. Cummings and Conway concurrently served as representatives of, and for, Shelby Trust and/or Shelby Inc.

63.     Shelby Wheels is informed and believes, and based thereupon alleges that the Shelby Trust and Shelby, Inc, inclusive of by and through the breaches of fiduciary duties of Cummings and Conway, are dealing with third parties, inclusive of the existing customers of Shelby Wheels to have such parties cease business with Shelby Wheels and do business with Shelby Trust, Shelby Inc or their representatives. Shelby Wheels is informed that Defendants are granting purported rights to third parties for the manufacture, marketing and sale of wheels sold under the Carroll Shelby name (Carroll Shelby Wheels), inclusive of the patented products and wrongful use of confidential information gained through breaches of fiduciary duties, all to the detriment and harm of Shelby Wheels, the other shareholder/owner of the Carroll Shelby Wheel Company.

64.     In engaging the wrongful acts, Defendants intentionally interfered with and disrupted the contracts between Shelby Wheels and its clients by diverting same to Defendants' own account, and induced many clients to breach their contracts.

64.     As a direct and proximate result of the wrongful tortious conduct of Defendants, and each of them, as alleged herein, Plaintiff has been damaged in an amount as yet unknown and which will be proven at the time of jury trial, but in an amount or amounts not less than $ 750,000.00.

///

///

65.     Defendants, and each of them, threaten to, and unless restrained will, disrupt Plaintiff's existing economic relationships, all to Shelby Wheel's great and irreparable injury, for which damages will not afford adequate relief in that such damages will not completely compensate for the injury to Plaintiff's business and goodwill. Shelby Wheels is thereby entitled to injunctive relief, affirmative and negative, in accordance with, inter alia, *Civ.C.* §§ 525, *et seq.*,and *FRCP*, Rule 65.

66.     Shelby Wheels is informed and believes that the extent of interference is known to Defendants, as Defendants are the ones doing the interfering, therefore Shelby Wheels is entitled to seek, and shall seek, orders of accounting from this Court to determine and/or to trace the funds arising from acts of interference.

67.     Shelby Wheels is entitled to seek further orders of pre-judgment writs, claim and delivery, constructive trusts, equitable liens and/or any other relief intended to preserve Plaintiffs' legal rights with respect to these matters.

68.     The aforementioned acts of Defendants, and each of them, were carried out with malice, oppression and fraud with the intention of harming of Plaintiff and/or in conscious disregard of Plaintiff's rights and safety, thereby warranting the assessment of exemplary damages against Defendants, and each of them, in an appropriate amount to punish Defendants and to set an example for others, pursuant to, *inter alia,* 15 USC § 1117 and/or *Civ.C.*, § 3294.

///

///

SIXTH CLAIM FOR RELIEF

[INTENTIONAL INTERFERENCE PROSPECTIVE ECONOMIC ADVANTAGE]

67. Shelby Wheels realleges and incorporates ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

68. This Claim for Relief arises under the laws of the State of California which arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to the United States Patent Laws. Venue in this Honorable Court is further proper as acts of infringement and related tortious acts have taken place in this District.

69. Shelby Wheels is the owner of that valid design patent identified as United States Patent D523,801 as issued by the United States Patent & Trademark Office ("USPTO") on June 27, 2006. EXHIBIT 1, attached hereto and incorporated herein by this reference.

70. Shelby Wheels is the owner of that valid design patent identified as United States Patent D524,218 as issued by the USPTO on July 4, 2006. EXHIBIT 2, attached hereto and incorporated herein by this reference.

71. Shelby Wheels is the owner of that valid design patent identified as United States Patent D527,330 as issued by the USPTO on August 29, 2006. EXHIBIT 3, attached hereto and incorporated herein by this reference.

72. Shelby Wheels is the owner of that valid design patent identified as United States Patent D554,034 as issued by the USPTO on October 30, 2007. EXHIBIT 4, attached hereto and incorporated herein by this reference.

73. Shelby Wheels manufactures, markets and sells the patented wheels and other related products under the name the Carroll Shelby Wheel Company, and has been doing so since 2007 in conjunction with Carroll Shelby, who consented to said use. As part of the sales and marketing, Shelby Wheels has entered into written agreements with distributors and/or dealers for the sale of Shelby Wheel products.

74.     Shelby Wheels, over the course of years, built a customer base of significant number, including major retailers. Said customer base is an economic relationship between Shelby and those customers, from which Shelby Wheels derived and would likely continue to derive economic advantage in the future.

75.     The defendants had actual knowledge of the relationships. Defendants Cummings and Conway served on the Board of Shelby Wheel and had express knowledge of Shelby Wheels' confidential business information, inclusive of the Shelby Wheels' economic relationships.

76.     Shelby Trust, Shelby, Inc, and Defendants, and each of them, had express knowledge of the Shelby Wheel economic relationships by their dealings with Shelby Wheels, and through Defendants Cummings and Conway, who served concurrently served as representatives of, and for, Shelby Trust and/or Shelby Inc.

77.     Defendants, and each of them, inclusive of by and through the breaches of fiduciary duties of Cummings and Conway, are dealing with third parties, inclusive of the existing customers of Shelby Wheels to have such parties cease business with Shelby Wheels and do business with Shelby Trust, Shelby Inc or their representatives.

78.     Shelby Wheels is informed that Defendants are granting purported rights to third parties for the manufacture, marketing and sale of wheels sold under the Carroll Shelby name (Carroll Shelby Wheels), inclusive of the patented products and wrongful use of confidential information gained through breaches of fiduciary duties, such to induce such third parties to aid Defendants in their actual interference with the Shelby Wheels' economic relationships.

79.     Defendants acts of interference are wrongful, inclusive of being part and parcel of acts of, *inter alia*, infringement and unfair competition.

80.     Defendants, and each of them, in engaging the wrongful acts, intentionally intended to interfere with and disrupt, and interfered with and disrupted the Shelby Wheels' economic relationships, and are continuing to do so.

///

81.     As a direct and proximate result of the wrongful tortious conduct of Defendants, and each of them, as alleged herein, Shelby Wheels has been damaged in an amount as yet unknown and which will be proven at the time of jury trial, but in an amount or amounts not less than $ 750,000.00.

82.     Defendants, and each of them, have threatened, have, and unless restrained will continue to disrupt Plaintiff's existing economic relationships, all to Shelby Wheel's great and irreparable injury, for which damages will not afford adequate relief in that such damages will not completely compensate for the injury to Plaintiff's business and goodwill. Shelby Wheels is thereby entitled to injunctive relief, affirmative and negative, in accordance with, inter alia, *Civ.C.* §§ 525, *et seq.*, and *FRCP*, Rule 65.

83.     Shelby Wheels is informed and believes that the extent of interference is known to Defendants, as Defendants are the ones doing the interfering, therefore Shelby Wheels is entitled to seek, and shall seek, orders of accounting from this Court to determine and/or to trace the funds arising from acts of interference.

84.     Shelby Wheels is entitled to seek further orders of pre-judgment writs, claim and delivery, constructive trusts, equitable liens and/or any other relief intended to preserve Plaintiffs' legal rights with respect to these matters.

85.     The aforementioned acts of Defendants, and each of them, were carried out with malice, oppression and fraud with the intention of harming of Shelby Wheels' and/or in conscious disregard of Shelby Wheels' rights and safety, thereby warranting the assessment of exemplary damages against Defendants, and each of them, in an appropriate amount to punish Defendants and to set an example for others, pursuant to, inter alia*, Civ.C.*, § 3294.

///

///

## SEVENTH CLAIM FOR RELIEF

### [NEGLIGENT INTERFERENCE PROSPECTIVE ECONOMIC ADVANTAGE]

86.    Shelby Wheels realleges and incorporates ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

87.    This Claim for Relief arises under the laws of the State of California which arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to the United States Patent Laws. Venue in this Honorable Court is further proper as acts of infringement and related tortious acts have taken place in this District.

88.    Shelby Wheels is the owner of that valid design patent identified as United States Patent D523,801 as issued by the United States Patent & Trademark Office ("USPTO") on June 27, 2006. EXHIBIT 1, attached hereto and incorporated herein by this reference.

89.    Shelby Wheels is the owner of that valid design patent identified as United States Patent D524,218 as issued by the USPTO on July 4, 2006. EXHIBIT 2, attached hereto and incorporated herein by this reference.

90.    Shelby Wheels is the owner of that valid design patent identified as United States Patent D527,330 as issued by the USPTO on August 29, 2006. EXHIBIT 3, attached hereto and incorporated herein by this reference.

91.    Shelby Wheels is the owner of that valid design patent identified as United States Patent D554,034 as issued by the USPTO on October 30, 2007. EXHIBIT 4, attached hereto and incorporated herein by this reference.

92.    Shelby Wheels manufactures, markets and sells the patented wheels and other related products under the name the Carroll Shelby Wheel Company, and has been doing so since 2007 in conjunction with Carroll Shelby, who consented to said use.

///

93.    Shelby Wheels, over the course of years, built a customer base of significant number, including major retailers. Said customer base is an economic relationship between Shelby and those customers, from which Shelby Wheels derived and would likely continue to derive economic advantage in the future.

94.    The defendants had actual knowledge of the relationships. Defendants Cummings and Conway served on the Board of Shelby Wheel and had express knowledge of Shelby Wheels' confidential business information, inclusive of the Shelby Wheels' economic relationships.

95.    Shelby Trust, Shelby, Inc, and Defendants, and each of them, had express knowledge of the Shelby Wheel economic relationships by their dealings with Shelby Wheels, and through Defendants Cummings and Conway, who served concurrently served as representatives of, and for, Shelby Trust and/or Shelby Inc.

96.    Defendants, and each of them, had duties not to interfere with Shelby Wheels' business and economic relationships.

97.    Defendants, and each of them, by, *inter alia*, purporting to disregard Shelby Wheels' rights and interests including by way of competing with or inducing the sale and marketing of products as they are doing, knew or should have known that such actions breached those duties.

98.    Shelby Trust, Shelby, Inc, Cummings, Conway and Defendants, and each of them, foresaw and/or should have foreseen that their actions of, *inter alia*, diverting business and using Shelby Wheels' intellectual and other properties, would cause harm to Shelby Wheels. Shelby Wheels is informed that, amongst other things, Defendants are granting purported rights to third parties for the manufacture, marketing and sale of wheels sold under the Carroll Shelby name (Carroll Shelby Wheels).

///

///

99.    As a direct and proximate result of the negligent acts of Defendants, and each of them, as alleged herein, Shelby Wheels has been damaged in an amount as yet unknown and which will be proven at the time of jury trial, but in an amount or amounts not less than $ 750,000.00.

100.    Defendants, and each of them, have and unless restrained will, continue to disrupt Plaintiff's existing economic relationships, all to Shelby Wheel's great and irreparable injury, for which damages will not afford adequate relief in that such damages will not completely compensate for the injury to Plaintiff's business and goodwill. Shelby Wheels is thereby entitled to injunctive relief, affirmative and negative, in accordance with, inter alia, *Civ.C.* §§ 525, *et seq*.,and *FRCP*, Rule 65.

101.    Shelby Wheels is informed and believes that the extent of the harm from the negligent acts is known primarily to Defendants, as Defendants are the ones engaged in the negligent acts, therefore Shelby Wheels is entitled to seek, and shall seek, orders of accounting from this Court to determine and/or to trace the funds arising from negligent acts of interference.

102.    Shelby Wheels is entitled to seek further orders of pre-judgment writs, claim and delivery, constructive trusts, equitable liens and/or any other relief intended to preserve Plaintiffs' legal rights with respect to these matters.

///

///

## EIGHTH CLAIM FOR RELIEF

### [DECLARATORY JUDGMENT]

103.   Plaintiffs reallege and incorporate ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

104.   This Claim for Relief arises under the laws of the United States, including the Declaratory Judgment Act under 28 USC §§ 2201, *et seq*. Venue in this Honorable Court is further proper as acts of infringement and related tortious acts have taken place in this jurisdiction.

105.   In or about February 2007, purchased 51% of the shares in the Carroll Shelby Wheel Company, Inc., with the approval and consent of Carroll Shelby, inclusive of express consent to use the name Carroll Shelby in conjunction with the manufacture, marketing, offers for sale and sale, world wide, of wheels.

106.   In excess of $ 500,000.00 was paid for the purchase of the 51% interest in Shelby Wheels, inclusive of inventory purchase/business investment/equipment and tooling.

107.   Carroll Shelby, and through him, the Shelby Trust and Shelby, Inc represented, warranted and promised that Shelby Wheel was the exclusive authorized company to use the Carroll Shelby name in the sale of wheels designed, manufactured and sold by Shelby Wheel.

108.   Carroll Shelby, *et al* maintained and maintains a 49% share of the company, which share is understood to be held by the Shelby Trust.

109.   Shelby Wheels has performed all obligations required of it, and has done so since February 2007. Defendants now purport to require Shelby Wheels to cease business and to require Shelby Wheels to cease using the Carroll Shelby name (an asset of significant value) - effectively making the business worthless.

///

///

110.   The Shelby Trust and Shelby, Inc. assert that Shelby Wheels cannot use the design patents owned by them and cannot use, market, offer for sale or sell their patented wheels under their company name, Carroll Shelby Wheel Company.

111.   As shown in this Complaint, a substantial controversy between the parties, each side having adverse legal interests in the subject matter now exists, which controversy is real and immediate.

112.   An actual case or controversy now exists between Shelby Wheel and Defendants, and each of them, and has crystalized such to require judicial determination by this Honorable Court as the rights and obligations of the parties hereto with respect to the intellectual properties involved in the Carroll Shelby Wheel Company.

113.   The injuries to the Carroll Shelby Wheel Company are, *inter alia*, actual, existing, "real, not imaginary, concrete, not abstract; apparent, not illusory..not speculative", specifically including Shelby Wheel's intellectual property rights. Defendants', and each of their acts and/or omissions are continuing, and Shelby Wheels "face[s] a continuous..harm that concretely affects their existing interests".

114.   A declaration of the parties respective rights and obligations with respect to each other and the respective business and property interests, intellectual and otherwise, is necessary.

115.   Shelby Wheel asserts that orders of this Honorable Court, upholding Shelby Wheel's rights, and holding Defendants, and each of them, are bound and must comport with Shelby Wheel's rights, is just and proper

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH CLAIM FOR RELIEF

[EQUITABLE RELIEF]

116.   Plaintiffs reallege and incorporate ¶¶ 1 through 9 as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

117.   This Claim for Relief arises under the laws of the State of California which arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to the United States Patent Laws. Venue in this Honorable Court is further proper as acts of infringement and related tortious acts have taken place in this District.

118.   Shelby Wheels is the owner of that valid design patent identified as United States Patent D523,801 as issued by the United States Patent & Trademark Office ("USPTO") on June 27, 2006. EXHIBIT 1, attached hereto and incorporated herein by this reference. Shelby Wheels is the owner of that valid design patent identified as United States Patent D524,218 as issued by the USPTO on July 4, 2006. EXHIBIT 2, attached hereto and incorporated herein by this reference. Shelby Wheels is the owner of that valid design patent identified as United States Patent D527,330 as issued by the USPTO on August 29, 2006. EXHIBIT 3, attached hereto and incorporated herein by this reference. Shelby Wheels is the owner of that valid design patent identified as United States Patent D554,034 as issued by the USPTO on October 30, 2007. EXHIBIT 4, attached hereto and incorporated herein by this reference.

119.   As set forth hereinabove, Defendants, specifically including Cummings and Conway, who as, inter alia, corporate directors, owed fiduciary duties to Shelby Wheels. Said Defendants owed duties to Shelby Wheel to carry out their duties to highest standards of trust and competence, with all due care. Defendants breached those duties of care and failed to, inter alia, preserve Shelby Wheel's rights and property interests, inclusive of acts of infringement/threatened infringement, inducement, acts of unfair competition and seeking to convert Shelby Wheel's

property and transfer to a third party. In engaging in such conduct, said Defendants worked in active concert and/or conspired with the other defendants, including, the Shelby Trust and Shelby, Inc.

## Injunctive Relief

120.   Shelby Wheel is entitled to equitable orders of injunctive relief, temporary, preliminary and permanent, under, inter alia, FED.R.CIV.P., Rule 65, to protect its design patents and related intellectual property, including, but not limited to, preventing defendants from transferring/converting Shelby Wheel's intellectual property to third parties - all to the irreparable harm of Shelby Wheel.

## Accounting

121.   Defendants are in possession of the information related to any benefit conferred on said defendants by their acts. Shelby Wheel is entitled to equitable orders for accounting, to determine the extent of any unjust gains garnered by defendants in their infringement of Shelby Wheel's patents and/or related intellectual property rights, including, but not limited any sale or attempted sale of such rights to a third party.

## Constructive Trusts/Equitable Liens

123.   Defendants are in possession of the information related to any benefit conferred on said defendants by their acts. Shelby Wheel is entitled to equitable orders establishing constructive trusts or equitable liens to protect Shelby Wheels' property and ownership thereof.

## Writs/Claim & Delivery

124.   Shelby Wheels is entitled to writs of attachment/claim and delivery, for any monies or other property gained by defendants, and each of them, through said Defendants' acts and/or omissions with respect to Shelby Wheels' intellectual and other property rights.

///

///

Shelby Wheel v Shelby, et al                  - 25 -              COMPLAINT

# PRAYER

WHEREFORE, the Carroll Shelby Wheel Company prays as follows:

1.      For Declaratory Judgment in favor of CSWC that CSWC owns the subject matter design patents, the rights to the name Carroll Shelby Wheel Company, and the intellectual properties related thereto;

2.      For judgment in favor of CSWC and against Defendants, and each of them, jointly and severally, as to all Causes of Action herein pled, inclusive of findings of infringement;

3.      For special damages and for general damages in a sum or sums to be proven at the time of jury trial, inclusive of under the Patent Laws of the United States, *e.g.*: 35 USC § 284, but no less than a reasonable royalty; and for pre and post judgment interest under 25 USC § 284;

4.      For punitive and exemplary damages, as permitted by law, on the tort causes of action herein pled, in accordance with the facts herein pled and under *Cal.Civ.C.*, § 3294; and/or enhanced damages under 35 USC § 284;

5.      For costs of reacquiring converted property, inclusive of attorneys fees and costs, in a sum or sums to be proven at the time of trial; and/or under 35 USC § 285;

6.      For equitable relief in the form of interim orders of accounting; in the form of interim orders creating constructive trusts and/or equitable liens, for writs of attachment and for claim and delivery; and in the form of interim orders creating constructive trusts and/or equitable liens; and,

7.      For such further relief as this Honorable Court may deem just and proper.

DATED:  May 18,  2015          GILLASPEY & GILLASPEY

                              */s/ Steele N. Gillaspey*
                    By:       _____

                              Steele N. Gillaspey,
                              Attorney for Plaintiff,
                              CARROLL SHELBY WHEEL CO., INC.

# DEMAND FOR JURY

Jury is respectfully requested as to all claims entitled to trial by jury.

*/s/ Steele N. Gillaspey*
_____
Steele N. Gillaspey