UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 (DKT. 50)**

### I. Introduction

Carroll Shelby Wheel Company, Inc. ("Plaintiff") brought this action against Carroll Hall Shelby Trust ("Shelby Trust"), Carroll Shelby Licensing, Inc. ("CSL") and M. Neil Cummings ("Cummings") (collectively "Defendants"),[1] alleging patent infringement, breach of contract, breach of fiduciary duty, and several state law claims. On June 21, 2016, Defendants brought this motion for sanctions ("Motion"), seeking the following relief: (i) to strike the complaint with prejudice; and (ii) award attorney's fees and expenses of $73,396.50. Dkt. 50. Plaintiff did not originally respond to the Motion, and Defendants filed a Notice of Non-Opposition. Dkt. 56.

A hearing was held on October 24, 2016. Dkt. 58. This matter was taken under submission and, in response to its request, Plaintiff was permitted to file a late opposition. Plaintiff then opposed the Motion (Dkt. 60), and Defendant replied (Dkt. 61). For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

### II. Factual Background

#### A. The Parties

Shelby Trust owns a portfolio of trademarks as well as the rights to the likeness and other intellectual property of Carroll Shelby ("Shelby"), the legendary race car driver. Declaration of M. Neil Cummings ("Cummings Decl."), Dkt. 51 ¶ 2. Shelby Trust does not make, sell or import any products. *Id.* ¶ 3. CSL, as the exclusive licensee of Shelby Trust's intellectual property portfolio, licenses the Shelby logo, signature, vehicle design rights and other trademarks to car dealers, car manufacturers, film companies and those that produce Shelby merchandise. *Id.* ¶ 3. CSL also sells and manufactures clothing and accessories. *Id.* ¶ 3.

---

[1] Jon Conway ("Conway") was also named in the Complaint, but was never served.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

Plaintiff is a Nevada corporation that was formed in 2005 by AFX Group, Inc. ("AFX") and Shelby, as trustee for Shelby Trust. *Id.* ¶ 4. Plaintiff manufacturers and sells car wheels. *Id.* ¶ 4. Shelby Trust holds 49% of the shares of Plaintiff. *Id.* ¶ 4. AFX held the other 51%. *Id.* ¶ 4. Shelby served as a co-director, but not as an officer, of Plaintiff. *Id.* ¶ 4. In 2006, Plaintiff obtained patents on several wheel designs and has sold wheels featuring these designs since that time. Exs. 1-4 to Compl., Dkt. 1-1-1-4.

### B. The Licensing Agreement

In June 2005, Plaintiff signed a License Agreement with CSL pursuant to which certain intellectual property of Shelby was licensed. Cummings Decl. ¶ 5. The License Agreement grants Plaintiff the non-exclusive right to use the following: (i) Shelby®; (ii) Carroll Shelby™; (iii) Carroll Shelby's signature and initials®; and (iv) Carroll Shelby's photograph, likeness and voice® (collectively "Shelby Intellectual Property"). Cummings Decl., Ex. B, Dkt. 51-2, Sections 1.1, 3.3. Plaintiff agreed to provide CSL with royalty payments and sales reports of its sales of wheels. *Id.* Section 4. The License Agreement "cancels and supersedes any and all prior written or oral representations and agreements between the parties." *Id.* Section 23.1. The original term of the License Agreement was from June 1, 2005 to June 30, 2011, which could be "renewed or extended only upon mutual written agreement of the parties." *Id.* Section 3.1, 3.2.

In June 2006, AFX sold its 51% interest in Plaintiff to Femtec, Inc. Cummings Decl., Dkt. 51 ¶ 6. In February 2007, Femtec sold this interest to BBR, LLC. *Id.* ¶8. In August 2007, Plaintiff and CSL executed the first amendment to the Licensing Agreement. Cummings Decl., Ex. D, Dkt. 51-4. The first amendment altered the terms of the royalties, but incorporated all the terms in the Licensing Agreement. *Id.* In March 2012, Plaintiff and CSL executed a second amendment to the Licensing Agreement. Cummings Decl., Ex. E, Dkt. 51-5. The second amendment extended the term of the Licensing Agreement to March 31, 2013 and removed the minimum royalty guaranty. *Id.* The remaining terms of the Licensing Agreement were not changed and were incorporated into the second amended agreement. *Id.*

### C. Defendants' Decision Not to Renew the Licensing Agreement

Shelby died in May 2012. Thereafter, his intellectual property and associated rights were conveyed to the Shelby Trust. Cummings Decl., Dkt. 51 ¶ 10. Cummings and Conway, as trustees of the Shelby Trust, replaced Shelby as directors of Plaintiff. *Id.* ¶ 10. Plaintiff did not provide Cummings and Conway with corporate financial information or royalty statements. *Id.* ¶ 10. Plaintiff never provided Shelby Trust any dividends or other profit distributions. *Id.* ¶ 10. Cummings requested that Plaintiff provide information about profits on at least three occasions, but Plaintiff did not respond. *Id.* ¶ 12; Cummings Decl., Ex. F, Dkt. 51-6. Cummings requested that Plaintiff provide royalty statements for the second, third and fourth quarter of 2011, and the first and second quarter of 2012. Cummings Decl., Ex. G, Dkt. 51-7. Plaintiff did not provide the Shelby Trust with several royalty statements. Dkt. 51 ¶ 13.

The Licensing Agreement expired on March 31, 2013. Cummings Decl., Ex. E, Dkt. 51-5. On February 11, 2014, CSL sent a letter to Larry Boyd ("Boyd"), the president of Plaintiff, stating that the Licensing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

Agreement had expired, CSL had elected not to renew it and that Plaintiff should discontinue all use of any of CSL's licensed properties. Cummings Decl., Ex. H, Dkt. 51-8. On February 27, 2014, Plaintiff responded. Cummings Decl., Ex. I, Dkt. 51-9. Plaintiff stated its position that, through an oral agreement at a November, 2011 meeting, the term of the Licensing Agreement had been extended to June 30, 2014. *Id.* It also stated that this oral agreement provided that "no royalty payments would be due and owing until the first quarter of 2014." *Id.* Plaintiff requested that the License Agreement be extended until June 30, 2017. *Id.* Plaintiff also stated that if CSL did not wish to extend the agreement, Plaintiff would accept June 14, 2014 as the expiration date. This would permit it sufficient time to sell off its remaining inventory. *Id.*

CSL did not agree to extend the License Agreement. Cummings Decl., Dkt. 51 ¶ 16. In November 2014, Cummings and Conway resigned from Plaintiff's board of directors. *Id.* Plaintiff did not cease the sale of products that featured CSL's licensed intellectual property. *Id.* ¶ 17. On January 29, 2015, CSL sent Plaintiff a letter demanding that it "immediately cease and desist producing, manufacturing, selling, distributing and/or marketing all Shelby-branded products." Cummings Decl., Ex. J, Dkt. 51-10. The letter also demanded that Plaintiff provide CSL with a detailed accounting of all Shelby-branded products sold after the Licensing Agreement expired on March 31, 2013. *Id.*

**III.     Procedural Background**

    **A.     Complaint and Counterclaim**

On May 21, 2015, Plaintiff filed the Complaint in this action. Dkt. 1. It advances nine causes of action: (i) patent infringement; (ii) breach of oral agreement; (iii) breach of fiduciary duty; (iv) unfair competition; (v) intentional interference with contractual relations; (vi) intentional interference prospective economic advantage; (vii) negligent interference prospective economic advantage; (viii) declaratory relief; and (ix) equitable relief. Dkt. 1. On November 16, 2015, Defendants responded and asserted counterclaims for trademark infringement, misappropriation of Shelby's right of publicity and breach or written contract. Dkt. 18.

On December 1, 2015, Defendants' counsel wrote to Plaintiff's counsel and stated the position that the Complaint lacked any factual or legal basis. Declaration of Caroline H. Mankey ("Mankey Decl."), Dkt. 52 ¶ 2; Mankey Decl., Ex. K, Dkt. 52-1. This letter warned Plaintiff's counsel that the allegations in the Complaint were inconsistent with his obligations under Fed. R. Civ. P. 11. Mankey Decl., Ex. K, Dkt. 52-1. Defendants requested that Plaintiff voluntarily dismiss the Complaint, and warned Plaintiff's counsel that they would seek sanctions under Rule 11 if it did not do so. *Id.* Plaintiff's counsel called Defendants' counsel and stated that he would be unable to respond within the month. Thereafter, he made no further response. Mankey Decl. ¶ 2.

    **B.     Rule 26(f) Meet and Confer**

Counsel met and conferred by telephone on January 11, 2016 and January 13, 2016 to discuss the case and the matters required to be addressed pursuant to Fed. R. Civ. P. 26(f). *Id.* ¶ 3. During the meet and confer, Plaintiff's counsel stated that Plaintiff did not understand why the Licensing Agreement had been terminated and that Plaintiff's litigation goal was to extend the terms of the Licensing Agreement. *Id.* The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

Rule 26(f) filing included the following statement by Plaintiff:

> [t]he legal and factual issues boil down to the assertions of right by Shelby Trust and Shelby Licensing (trademark, common law rights) to shut down Shelby Wheel for their own enrichment, in contravention of the agreements and significant financial investments by Shelby Wheel, as well as in contravention of Shelby Wheel asserted fiduciary duties and obligations as assumed by the Shelby Trust and Shelby Licensing representatives as fiduciaries to Shelby Wheel.

Dkt. 32 at 3.

### C.     Discovery

Plaintiff's initial disclosures did not identify any infringing products, any writing relating to Plaintiff's breach of contract allegation, or any witnesses or documents relating to its business interference claims. Mankey Decl., Dkt. 52 ¶ 4; Mankey Decl., Ex. L, Dkt. 52-2. Plaintiff responded to Defendants' discovery requests on April 19, 2016. Thereafter, it produced documents on May 11 and 24, 2016. Mankey Decl., Dkt. 52 ¶ 6, 8. Plaintiff has not supplemented its discovery responses or provided any other documents in discovery. *Id.* ¶ 8. Defendants served Plaintiff with a draft of this Motion on May 27, 2016. *Id.* ¶ 9.

## IV.    Analysis

### A.     Legal Standard

Fed. R. Civ. P. 11(b) provides that an attorney who signs and files a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the matter "is not being presented for any improper purpose" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b)(1), 11(b)(2). Rule 11(b)(3) requires that "the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11 permits the imposition of sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997).

When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations omitted). Determining what constitutes a "reasonable" inquiry is an objective standard. *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises*, Inc., 892 F.2d 802, 812 (9th Cir. 1989), *aff'd*, 498 U.S. 533 (1991). And "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." Fed. R. Civ. P. 11 advisory committee's note (1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
|---|---|---|---|
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

The Ninth Circuit has identified two circumstances in which Rule 11 sanctions may be imposed: "where a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney would believe was well grounded in fact and warranted by law; and where a litigant files a pleading or other paper for an 'improper purpose,' such as personal or economic harassment." *Greenberg v. Sala,* 822 F.2d 882, 885 (9th Cir. 1987). Frivolous filings are those that are both "[(1)] baseless and [(2)] made without a reasonable and competent inquiry." *Montrose Chem. Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1133 (9th Cir. 1997) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). To be baseless, an assertion must "completely lack[ ] a factual foundation." *Id.* (quoting *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.3d 797, 801 (9th Cir. 1986)).

    **B.**    **Application**

        1.    <u>Defendants' Position</u>

Defendants seek sanctions against both Plaintiff and its counsel. Defendants argue that the Complaint in this action is frivolous and unsupported by any factual basis. They argue that a reasonable inquiry on the part of counsel would have revealed these deficiencies. Further, they argue that, after conducting discovery, Plaintiff was on notice that its claims lacked merit because it had produced no documents or other evidence that supported any of them. Defendants argue that Plaintiff brought this action solely to attempt to coerce Defendants to renew the Licensing Agreement. Defendants request that each of Plaintiff's claims be stricken.

        2.    <u>Patent Infringement Claim</u>

A claim for direct patent infringement can be asserted only against a defendant who "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention." 35 U.S.C. § 271(a). For a design patent, a defendant may also be liable for applying a patented design, or a colorable imitation of the design "to any article of manufacture for the purpose of sale" or selling such a product. 35 U.S.C. § 289. And "by the terms of the patent grant, no activity other than the unauthorized making, using, or selling of the claimed invention can constitute direct infringement of a patent, no matter how great the adverse impact of that activity on the economic value of a patent." *See Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 16 (Fed. Cir. 1984).

Defendants argue that the patent claims here are frivolous because they are based on patents for car wheel designs. None of the Defendants makes wheels of any kind. Cummings Decl., Dkt. 51 ¶ 3. Shelby Trust does not manufacture, use or sell anything. *Id.* CSL's principal business is licensing intellectual property. *Id.* CSL only manufactures, uses or sells clothing and related merchandise. *Id.* Thus, Defendants contend that they do not infringe Plaintiff's patented design. None of the Defendants purports to license Plaintiff's patented designs and Plaintiff has produced no contrary evidence. Plaintiff has not identified either any allegedly infringing products or any party that makes such products. *See* Mankey Decl., Ex. N, Dkt. 52-4 at 6-7, Shelby Wheel's Responses to Interrogatories No. 17. Plaintiff failed to identify any facts or documents supporting this claim when specifically asked to do so in an interrogatory. *Id.* at 3, Shelby Wheel's Response to Interrogatories Nos. 1 and 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

In response, Plaintiff argues that "Defendants take the position that they are free to use" Plaintiff's patents, when "it was always agreed that the designs would be used solely for the benefit" of Plaintiff. Dkt. 60 at 5. However, Plaintiff did not provide any evidence of patent infringement.

Because Plaintiff has identified no factual or evidentiary basis for its patent infringement claim, terminating sanctions are appropriate. Defendants have demonstrated that Plaintiff should have known that its patent infringement claim was frivolous because even a cursory investigation would have shown that Defendants do not manufacture or distribute car wheels. Therefore, they could not have infringed Plaintiff's patent as to its wheels. For these reasons, the patent infringement claim could not have been "'formed after an inquiry reasonable under the circumstances," because the factual contentions do not "have evidentiary support" and are not "warranted by existing law." Fed. R. Civ. P. 11.

        3.    <u>Breach of Contract Claim</u>

Defendants argue that Plaintiff's breach of oral contract claim is frivolous. The Complaint alleges that in February 2007, an unidentified entity

> purchased 51% of the shares in the Carroll Shelby Wheel Company, Inc., with the approval and consent of Carroll Shelby, inclusive of express consent to use the name Carroll Shelby in conjunction with the manufacture, marketing, offers for sale and sale, world wide [sic], of wheels. In excess of $500,000.00 was paid for the purchase of the 51% interest in Shelby Wheels, inclusive of inventory purchase/business investment/ equipment and tooling.

Dkt. 1 ¶ 26.

The Complaint then alleges that Shelby warranted that Plaintiff had the exclusive right to use the Carroll Shelby name in the sales of wheels produced by Plaintiff. *Id.* ¶ 27. It also alleges that Plaintiff has performed all of its obligations under the contract and that if it were required to discontinue the use of the Carroll Shelby name it could not survive as a business. *Id.* ¶ 28.

The Complaint does not identify the parties to the alleged contract. Plaintiff clarified in its discovery responses that the alleged contract was among Shelby, Femtec and BBR and involved Femtec's sale of its 51% ownership interest in Plaintiff to BBR. Mankey Decl., Ex. N, Dkt. 52-4 at 3, Shelby Wheel's Responses to Interrogatories No. 4. Neither Plaintiff nor Defendants was a party. Plaintiff argues that by demanding that Plaintiff cease and desist using the Shelby Intellectual Property, Defendants Shelby Trust and CSL have breached Shelby's promise that Plaintiff had the exclusive right to use the Carroll Shelby name for wheels. This promise was allegedly made to BBR to induce its purchase of the 51% interest from Femtec. In the Opposition, Plaintiff clarified that it is asserting a claim for a breach of an alleged personal agreement between Shelby and Plaintiff. Dkt. 60 at 2. Plaintiff claims that Shelby promised that Plaintiff could sell wheels under the Carroll Shelby name indefinitely and exclusively so long as it "provided the requisite quality product." *Id.* Plaintiff argues that it has continued to produce such products, and has received no complaints from Defendants about their quality. *Id.* Plaintiff argues that Defendants breached this contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

when they removed Plaintiff's products from their advertising materials and website and licensed the Shelby Intellectual Property to other entities. *Id.* at 3. Plaintiff also argues that the oral contract superseded the written Licensing Agreement, because Plaintiff was told by Shelby that the Licensing Agreement was just "a lawyer thing." *Id.*

Defendants respond that Plaintiff's breach of contract claim fails for several reasons. *First*, Plaintiff has produced no evidence showing that this contract existed, or that any of the Defendants are somehow bound by Shelby's alleged promise.

*Second*, Plaintiff has neither alleged nor produced evidence that there was any consideration for Shelby's promise. Thus, the 51% interest was purchased from Femtec, not Shelby. Without consideration, the claimed contract fails. Cal. Civ. Code § 1550.

*Third*, Plaintiff is not a party to this contract and has no standing to assert a claim for its alleged breach. Neither BBR nor Femtec is a party to this action.

*Fourth*, the alleged oral contract contradicts the express terms of the Licensing Agreement, which governed Plaintiff's use of the Shelby Intellectual Property. The first amendment to the agreement was signed in 2007, after the 51% interest in Plaintiff was sold by Femtec to BBR. Cummings Decl., Dkt. 51 ¶ 6; Cummings Decl., Ex. D, Dkt. 51-4. A second amendment was signed by BBR in 2012. This was well after any alleged oral contract could have been made because Shelby was no longer alive at the time this amendment was signed. Cummings Decl., Ex. E, Dkt. 51-5. Both amendments incorporated the terms of the original Licensing Agreement, including its integration clause, which stated that the written agreement superseded any prior ones between the parties. Cummings Decl., Ex. B, Dkt. 51-2, Sections 23.1. Furthermore, the Licensing Agreement was signed in 2005. It provides that it can be amended only through written agreement that is signed by all parties. *Id.* Section 3.2. The Licensing Agreement was in effect at the time of the alleged oral agreement. Therefore, the oral agreement would not have been a valid modification at the time it was made, and even if it had been, it would have been superseded by the later amendments to the Licensing Agreement. *See Wells Fargo Bank v. Bank of Am.*, 32 Cal. App. 4th 424, 431 (1995) (new contract "completely extinguishes the original obligation").

*Finally,* the evidence also shows that Plaintiff was aware that the Licensing Agreement was the only agreement between the parties governing the use of the Shelby Intellectual Property. In the February 2014 letter sent by Plaintiff's counsel to CSL, he requested a renewal or in the alternative an extension of the agreement. Cummings Decl., Ex. I, Dkt. 51-9. He also expressed Plaintiff's belief that the term of the Licensing Agreement had been extended to June 30, 2014, by oral agreement at a November 2011 meeting. *Id.* No mention was made of any 2007 promise by Shelby or an indefinite, exclusive right of Plaintiff to use the Shelby intellectual property.

Plaintiff's breach of oral contract claim fails for all of these reasons. Furthermore, Defendants have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

demonstrated that a reasonable investigation by Plaintiff would have shown that this claim was frivolous. The Licensing Agreement supersedes the alleged oral contract. Plaintiff knew about this agreement. Plaintiff's president signed both the first and second amendment to this agreement. Plaintiff's counsel could readily have discovered this agreement. Even if he was not initially aware of it, that would have changed when he received the aforementioned December 2015 meet and confer letter from Defendants' counsel. He also confirmed his awareness at the January 2016 meet and confer telephonic conferences. That is when he informed Defendants' counsel that Plaintiff's goal was to have the Licensing Agreement renewed.

Because Plaintiff has identified no evidentiary or legal basis for its breach of contract claim, terminating sanctions are appropriate.

    4.    Breach of Fiduciary Duty

Defendants argue that Plaintiff's breach of fiduciary duty claim is foreclosed by its own Articles of Incorporation. The Complaint alleges that Cummings and Conway breached their fiduciary duties as directors, including the duty of loyalty. Dkt. 1 ¶¶ 35, 37. Thus, it alleges that Cummings and Conway were "engaged in aiding and abetting the Shelby Trust and/or Shelby, Inc. in seeking to destroy Shelby Wheels so as to be able to place that wheel business with a large auto manufacturer for OEM or aftermarket wheels." Dkt. 1 ¶¶ 36, 38.

Defendants argue that even if these allegations were true, they are legally insufficient to state a claim. Plaintiff is a Nevada Corporation. The Complaint alleges that the directors of that corporation breached their duties to it. Dkt. 51-1. This claim involves "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders." *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982). Because Plaintiff is a Nevada corporation, Nevada law applies in the determination of the obligations of its directors. *Id.* Under Nev. Rev. Stat. 78.037(2), the articles of incorporation can limit director liability. Article XI of Plaintiff's Articles of Incorporation does so:

> Fiduciary Duties. Except as otherwise provided by specific statute, the officers and directors of the corporation shall not be personally liable to the corporation or its stockholders for damages as a result of any act or omission in his capacity as a director or officer unless it is proven that:
>     1. His act or omission constituted breach of his fiduciary duties as a director of officer;
>     2. His breach of those duties involved intentional misconduct, fraud or a knowing violation of law; and
>     3. His conduct constitutes unlawful distributions prohibited by Nevada Revised Statutes Section 78.300.

Dkt. 51-1 at 9.

The Complaint does not allege that Cummings or Conway engaged in unlawful distributions. Without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

allegations and supporting evidence of such conduct, no breach of fiduciary duty can be established. In response to Defendants' discovery request to state the facts supporting this claim, Plaintiff stated "[s]aid Defendants owed fiduciary duties to CSWC, inclusive of duties of loyalty to CSWC." Mankey Decl., ¶ 6, Ex. N, Dkt. 52-4 at 4, Shelby Wheel's Response to Interrogatory No. 9. This conclusory allegation is not sufficient to state a claim under Nevada law. Moreover, Defendants argue that they were never involved in any distribution, and that Plaintiff has produced no evidence to the contrary.

Plaintiff produced no evidence to support this claim. Nor has it alleged that either Cummings or Conway failed in meeting his fiduciary duties by violating any specific statute. The Opposition does no more than argue that the business judgment rule does not apply. Dkt, 60 at 4. Therefore, once again, terminating sanctions are appropriate Plaintiff and their counsel should have known that this claim was frivolous because even a cursory investigation of the terms of the Articles of Incorporation would have shown the aforementioned limitations on potential liability of directors. Maintaining this claim also violated the terms of Rule 11 because the factual contentions do not "have evidentiary support." Fed. R. Civ. P. 11.

### 5. Cal. Bus. & Prof. Code § 17200 Unfair Competition Claim

Defendants argue that Plaintiff's Unfair Competition claim under Cal. Bus. & Prof. Code § 17200 also lacks any factual basis. Section 17200 is intended to protect consumers and competitors by "promoting fair competition in commercial markets for goods and services." *Duste v. Chevron Products Co.*, 738 F. Supp. 2d 1027, 1047 (N.D. Cal. 2010). The scope of this act is broad; it defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A plaintiff who brings a claim alleging unfair business practices under § 17200 must state "with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

The Complaint alleges that Defendants engaged in unfair competition by dealing with other companies to manufacture, make and sell wheels bearing Carroll Shelby's name and did so through the "wrongful use of confidential information." Dkt. 1 ¶ 48. It also alleges that Defendants used and benefited from "the confidential, trade secret information, and/or proprietary business methodologies of Shelby Wheels which Cummings and Conway gained through their positions as directors of Shelby Wheels." *Id.* ¶ 49. The Complaint alleges that Defendants unlawful conduct was specifically "in importing, using, selling, distributing, and/or soliciting vehicles wheels under the name Carroll Shelby Wheels." *Id.* ¶ 50. It also alleges that Defendants violated section 17200 by breaching their fiduciary duties to Plaintiff and by infringing Plaintiff's patents.

Defendants argue that Plaintiff's claim fails because the Complaint does not allege "with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury*, 14 Cal. App. 4th at 619. They also point out that Plaintiff has not produced any evidence to support this claim during discovery. For example, in one discovery response Plaintiff stated that, "the Trust, Licensing, and/or related divisions, did and/or sought to do wheel business with other entities, inclusive of Ford. Further, having directors on [Plaintiff's] board, said entities gained confidential manufacturing, pricing and other information that otherwise would not be known to competitors." Mankey Decl., Ex. N, Dkt. 52-5 at 4, Shelby Wheel's Response to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
|---|---|---|---|
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

Interrogatory No. 10. In the Opposition, Plaintiff reaffirms that this claim is based on the underlying patent infringement, breach of contract and fiduciary duty claims. Dkt. 60 at 5. What Plaintiff has failed to do is to identify any specific information to which Defendants gained access or shared with a competitor. Moreover, Defendants have presented evidence in support of the position that Plaintiff did not share any confidential information with Cummings and Conway when they were directors. For example, on three occasions, Defendants requested that Plaintiff provide corporate financial information, royalty statements and dividends. Plaintiff did not do so. Cummings Decl., Dkt. 51 ¶¶ 10-12; Cummings Decl., Ex. F, Dkt. 51-6.

Finally, there is no support for a claim of unfair competition by doing business with other entities because the Licensing Agreement expressly provides that Plaintiff's license is non-exclusive. Cummings Decl., Ex. B, Dkt. 51-2, Licensing Agreement Section 3.3.

Because Plaintiff has identified no factual or evidentiary basis for its unfair competition claim, terminating sanctions are appropriate.

      6.    <u>Tort Claims</u>

Defendants argue that the fifth, sixth and seventh claims for intentional interference with contractual relations and intentional and negligent interference with prospective economic advantage all are without any factual or legal basis.

To state an intentional or negligent interference with prospective contractual relations claim, a plaintiff must prove that the defendant engaged in some wrongful conduct. *Contemporary Servs. Corp. v. Staff Pro Inc.*, 152 Cal. App. 4th 1043, 1060 (2007). The plaintiff must also prove that the interference was legally wrongful "by some measure beyond the fact of the interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995) (internal citation omitted). A claim for either negligent or intentional interference with economic advantage has "a threshold causation requirement . . . namely, proof that it is reasonably *probable* that the lost economic advantage would have been realized but for the defendant's interference." *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987).

The Complaint alleges that Defendants have induced certain of Plaintiff's customers to cease doing business with Plaintiff and instead to do business with Defendants. Dkt. 1 ¶ 63. The Complaint alleges that Defendants gained client and customer information from Plaintiff through Cummings and Conway, who served as directors. *Id.* The Complaint alleges "that Defendants are granting purported rights to third parties for the manufacture, marketing and sale of wheels sold under the Carroll Shelby name (Carroll Shelby Wheels), inclusive of the patented products and wrongful use of confidential information gained through breaches of fiduciary duties, all to the detriment and harm of [Plaintiff]." *Id.* The Complaint also avers that this same conduct induces third parties "to aid Defendants in their actual interference with the Shelby Wheels' economic relationships." *Id.* ¶ 78. The Complaint claims that these actions were both intentional and negligent. *Id.* ¶¶ 79, 97-98.

Defendants argue that Plaintiff has no evidence of any wrongful conduct by Defendants that denied an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

economic advantage to Plaintiff. Plaintiff has not alleged or identified any specific customers with whom Defendants interfered. Plaintiff has also not identified any third party whose business Plaintiff lost because of Defendants' wrongful actions. Indeed, the only contract whose breach is alleged is the one between Plaintiff and CSL.

In response to an interrogatory about the bases for these claims, Plaintiff stated that it "has had conversations with its clients and have been informed that Defendants, or their related entities have sought, inclusive of from their own websites, to sell to CSWC clientele." Mankey Decl., Ex. N, Dkt. 52-4 at 7, Shelby Wheel's Response to Interrogatory No. 14. As discussed above, Plaintiff's license to use the Shelby intellectual property is non-exclusive. Cummings Decl., Ex. B, Dkt. 51-2, Licensing Agreement Section 3.3. Therefore, this interrogatory response, which does not identify any other parties, is not sufficient to support the challenged claim.

Because Plaintiff has identified no factual or evidentiary basis for its tort claims, terminating sanctions are appropriate. Pursuing these claims was a violation of Rule 11 because the factual contentions did not "have evidentiary support" something that would have been apparent from a reasonable inquiry by Plaintiff and its counsel.

       7.    <u>Seventh and Eighth Equitable Claims</u>

These claims are for specific forms of declaratory and equitable relief. They are based on the first seven claims. Because the underlying claims fail, these requests for remedies also are deficient.

       8.    <u>Plaintiff's Complaint Was Brought for an Improper Purpose</u>

Fed. R. Civ. P. 11(b)(1) also requires that a complaint not be brought for an improper purpose. According to Defendants' counsel, Plaintiff's counsel has stated that Plaintiff's purpose in filing the action was to seek to coerce CSL to renew the Licensing Agreement with Plaintiff. Mankey Decl., Dkt. 52 ¶ 3. Therefore, under the terms of Fed. R. Civ. P. 11(b)(1), the Complaint was filed for an improper purpose.

       9.    <u>Award of Attorney's Fees as Additional Sanctions</u>

As noted, Fed. R. Civ. P. 11(c)(1) states that when it is violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." A court has broad discretion in fashioning an appropriate remedy. *Mellow v. Sacramento Cty.*, 365 F. App'x 57, 58 (9th Cir. 2010). Under Fed. R. Civ. P. 11(c)(4), a court may issue as sanctions "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation" if those sanctions are "imposed on motion and warranted for effective deterrence." "Where the original complaint is the improper pleading, all attorney's fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).

Defendants request an award of $73,396.50 in attorney's fees as sanctions against Plaintiff and its counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | |

Defendants have provided evidentiary support for this initial request. Mankey Decl., Dkt. 52 ¶ 10; Mankey Decl., Ex. P, Dkt. 52-6. Defendants argue that this award is necessary to deter Plaintiff and its counsel from asserting frivolous claims in the future. They also request them as reimbursement for the costs that they have incurred in defending this action. On February 9, 2017, Defendants provided supplemental information in support of their fee request. Dkt. 64. There, they increased their fee request to $83,544. *Id.* at 10. Defendants contend that this amount reflects the actual expenses that Defendants' incurred. *Id.*

For the reasons stated in this Order, Plaintiff's claims are frivolous. Furthermore, that could have been determined with a straightforward investigation prior to the filing of the Complaint. Therefore, the imposition of monetary sanctions in the amount of attorney's fees reasonably expended by Defendants on this litigation is appropriate. *Gaskell*, 10 F.3d at 629.

The Ninth Circuit has identified the following 12 factors that should be considered in determining the amount of an award of attorney's fees:

> (i) the time and labor required, (ii) the novelty and difficulty of the questions involved, (iii) the skill requisite to perform the legal service properly, (iv) the preclusion of other employment by the attorney due to acceptance of the case, (v) the customary fee, (vi) whether the fee is fixed or contingent, (vii) time limitations imposed by the client or the circumstances, (viii) the amount involved and the results obtained, (ix) the experience, reputation, and ability of the attorneys, (x) the 'undesirability' of the case, (xi) the nature and length of the professional relationship with the client, and (xii) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

As noted, Defendants seek $83,500 in attorney's fees. In support of that request, they have provided an allocation based on the hours spent by each attorney on one or more of 12 categories of work during the litigation. Based on a review of the hours reported, the hourly rates, the work undertaken -- a substantial portion of which concerned matters that resulted in filings and proceedings with which the Court is familiar and in which it was involved -- the request is granted in part as summarized in the following table:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | LA CV15-03859 JAK (JPRx) | | Date | February 21, 2017 |
| Title | Carroll Shelby Wheel Company, Inc. v. Carroll Shelby Trust, et al. | | | |

| Task | Amount Requested | Amount Awarded |
|---|---|---|
| Review, research, investigate and draft response to Complaint | $5,771 | $2500 |
| Communicate with clients and insurance adjusters | $11,417 | $4500 |
| Communicate with Plaintiff's counsel | $4914 | $2500 |
| Review client documents | $1705 | $1705 |
| Rule 26 Report | $2297.50 | $2000 |
| Initial Disclosures | $4085 | $2500 |
| Written discovery request and meet and confer efforts | $7463 | $5500 |
| Review Plaintiff's documents and discovery responses. | $2071.50 | $2071.50 |
| Prepare for and attended Scheduling Conference | $1652 | $800 |
| Settlement | $6898 | $5000 |
| Status Conferences and reports | $3342.50 | $1800 |
| Rule 11 correspondence and motion | $31,927.50 | $20,000 |
| Total | $83,500 | $50,876.50 |

## V.     Conclusion

For the reasons stated in this Order, the Motion is **GRANTED IN PART**. The Complaint is stricken and dismissed with prejudice. Attorney's fees are awarded in the amount of $50,876.50 as monetary sanctions. That amount shall be paid within 30 days of the entry of this Order.

**IT IS SO ORDERED.**

:

Initials of Preparer     ak