SEDGWICK LLP
ROBERT F. HELFING  Bar No. 90418
*robert.helfing@sedgwicklaw.com*
CAROLINE H. MANKEY  Bar No. 187302
*caroline.mankey@sedgwicklaw.com*
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Tel.: (213) 426-6900
Fax. (877) 547-6580

M. NEIL CUMMINGS  Bar No. 076166
mneil@mncalaw.org
M. NEIL CUMMINGS & ASSOCIATES, PLC
11150 W. Olympic Blvd., Suite 1050
Los Angeles, CA 90064-1817
Telephone: (310) 914-1853
Facsimile: (310) 914-1849

Attorneys for Defendants
Carroll Hall Shelby Trust, Carroll Shelby
Licensing, Inc., and M. Neil Cummings and
Counterclaimants Carroll Hall Shelby Trust and
Carroll Shelby Licensing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARROLL SHELBY WHEEL COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CARROLL SHELBY TRUST, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. CV-15-3859 JAK (JPRx)<br><br>**COUNTERCLAIMANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>FPTC:       03/20/2017<br>Trial:         04/04/2017<br>Courtroom:  10B |

Pursuant to Local Rule 16-4, *et seq.*, Counterclaimants Carroll Hall Shelby Trust ("Shelby Trust") and Carroll Shelby Licensing, Inc. ("CSL") hereby respectfully submit the following memorandum of contentions of fact and law in connection with their Counterclaims against Carroll Shelby Wheel Company, Inc., Darrell Whitman and Larry Boyd (collectively, "Shelby Wheel").

1

## I. CLAIMS AND DEFENSES

### A. Summary Statement of Plaintiff's Claims

**Claim 1:** Shelby Wheel infringed Counterclaimants' registered trademarks by using registered Shelby trademarks and trade dress belonging to Counterclaimants in connection with the manufacturing, marketing and sale of wheels without authorization from Counterclaimants and after the expiration of a license agreement authorizing their use.

**Claim 2:** Shelby Wheel falsely designated the origin of its wheels in violation of section 43a of the Lanham Act by using registered and unregistered Shelby trademarks and trade dress belonging to Counterclaimants (the "SHELBY Marks") in connection with the manufacturing, marketing and sale of the wheels without authorization from Counterclaimants and after the expiration of a license agreement.

**Claim 3**: Shelby Wheel misappropriated the right of publicity of Carroll Shelby in violation of section 3344.1 of the California Civil Code by using his name and likeness in connection with the manufacturing, marketing and sale of the wheels without authorization from Counterclaimants and after the expiration of a license agreement.

**Claim 4**: Shelby Wheel breached its license agreement with CSL by failing to pay royalties, failing to provide royalty and accounting statements, and failing to maintain adequate insurance.

**Claim 5**: Shelby Wheel owes compensation to Counterclaimants under a common count for its unauthorized use of the SHELBY Marks and Carroll Shelby's publicity rights.

### B. Elements Required to Establish Counterclaimants' Claims

The elements required to establish Counterclaimants' claims are:

**Claim 1** – Infringement of Registered Trademarks

84418932v1

(1) Counterclaimants hold protectable marks; and (2) Shelby Wheel's use of similar trademarks creates a likelihood of confusion as to source, affiliation, or sponsorship. 15 U.S.C. § 1114(1)(a).

**Claim 2** – False Designation of Origin

(1) Shelby Wheel used a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of Shelby Wheel with another person, or (b) as to the origin, sponsorship, or approval of Shelby Wheel's goods, services, or commercial activities by another person; and (5) Counterclaimants have been or are likely to be damaged by these acts. *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 165 F. Supp. 3d 937, 949 (S.D. Cal. 2016).

**Claim 3** – Misappropriation of Right of Publicity

(1) Shelby Wheel's use of Carroll Shelby's identity; (2) the appropriation of Carroll Shelby's name or likeness to Shelby Wheel's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury. *Sarver v. Chartier*, 813 F.3d 891, 903 (9th Cir. 2016)

**Claim 4** – Breach of License Agreement

(1) A contract, (2) CSL's performance or excuse for non-performance, (3) Shelby Wheel's breach, and (4) damages to CSL from Shelby Wheel's breach. *Gresham Savage Nolan & Tilden v. Am. Int'l Grp., Inc.*, 2014 WL 12558248, at *3 (C.D. Cal. Sept. 8, 2014).

**Claim 5** – Common Count

(1) The statement of indebtedness in a certain sum, (2) the consideration, and (3) nonpayment. *Gresham Savage Nolan & Tilden*, *supra*, 2014 WL 12558248, at *5.

**C.     Key Evidence in Support of Each of Counterclaimants' Claims**

**Claim 1** – Infringement of Registered Trademarks

Registration Certificates for the SHELBY Marks

02/01/05 License Agreement between CSL and Shelby Wheel

First Amendment to February 1, 2005 Trademark License Agreement

Second Amendment to February 1, 2005 Trademark License Agreement

02/11/14 Letter from Tracey Smith to Larry Boyd re expiration and non-renewal of license agreement

01/29/15 Letter from Cummings to Shawna Boyd re unlicensed sales and demand for accounting and cease and desist

02/27/14 Letter from Gail Fredrick, counsel for Shelby Wheel, to Tracey Smith accepting June 14, 2014 as date of expiration of license agreement

Shelby Wheel sales records

**Claim 2 –** False Designation of Origin

Registration Certificates for the SHELBY Marks

02/01/05 License Agreement between CSL and Shelby Wheel

First Amendment to February 1, 2005 Trademark License Agreement

Second Amendment to February 1, 2005 Trademark License Agreement

02/11/14 Letter from Tracey Smith to Larry Boyd re expiration and non-renewal of license agreement

01/29/15 Letter from Cummings to Shawna Boyd re unlicensed sales and demand for accounting and cease and desist

02/27/14 Letter from Gail Fredrick, counsel for Shelby Wheel, to Tracey Smith accepting June 14, 2014 as date of expiration of license agreement

Shelby Wheel sales records

**Claim 3** – Misappropriation of Right of Publicity

02/01/05 License Agreement between CSL and Shelby Wheel

First Amendment to February 1, 2005 Trademark License Agreement

1    Second Amendment to February 1, 2005 Trademark License Agreement

2    02/11/14 Letter from Tracey Smith to Larry Boyd re expiration and non-
3 renewal of license agreement

4    01/29/15 Letter from Cummings to Shawna Boyd re unlicensed sales and
5 demand for accounting and cease and desist

6    02/27/14 Letter from Gail Fredrick, counsel for Shelby Wheel, to Tracey
7 Smith accepting June 14, 2014 as date of expiration of license agreement

8    Shelby Wheel sales records

9    **Claim 4** – Breach of License Agreement

10    02/01/05 License Agreement between CSL and Shelby Wheel

11    First Amendment to February 1, 2005 Trademark License Agreement

12    Second Amendment to February 1, 2005 Trademark License Agreement

13    8/24/10 Letter from Neil Cummings to Christy Wittmaier requesting
14 documents

15    04/18/11 Letter from Neil Cummings to Gail Frederick requesting
16 documents and information

17    10/20/11 email from Tracey Smith to Darrell Whitman requesting royalty
18 statement

19    07/27/12 Letter from Cummings to Larry and Shawna Boyd re failure to
20 submit royalty statements

21    07/27/12 Letter from Cummings to Larry and Shawna Boyd requesting
22 profit and loss statements

23    02/11/14 Letter from Tracey Smith to Larry Boyd re expiration and non-
24 renewal of license agreement

25    01/29/15 Letter from Cummings to Shawna Boyd re unlicensed sales and
26 demand for accounting and cease and desist

27

28

02/27/14 Letter from Gail Fredrick, counsel for Shelby Wheel, to Tracey Smith accepting June 14, 2014 as date of expiration of license agreement

Shelby Wheel sales records

**Claim 5** – Common Count

Registration Certificates for the SHELBY Marks

02/01/05 License Agreement between CSL and Shelby Wheel

First Amendment to February 1, 2005 Trademark License Agreement

Second Amendment to February 1, 2005 Trademark License Agreement

02/11/14 Letter from Tracey Smith to Larry Boyd re expiration and non-renewal of license agreement

01/29/15 Letter from Cummings to Shawna Boyd re unlicensed sales and demand for accounting and cease and desist

02/27/14 Letter from Gail Fredrick, counsel for Shelby Wheel, to Tracey Smith accepting June 14, 2014 as date of expiration of license agreement

Shelby Wheel sales records

### D.     Shelby Wheel's Claims and Affirmative Defenses to the Counterclaims

All of Shelby Wheel's affirmative claims were dismissed pursuant to the Court's February 1, 2017, order granting Counterclaimants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11.  (Doc. 65.)

Shelby Wheel has failed and refused to participate in the preparation of pre-trial documents or to meet and confer regarding same.  Therefore, it is unknown to Counterclaimants whether Shelby Wheel intends to pursue any of its alleged affirmative defenses.  Shelby Wheel alleged the following affirmative defenses:

First affirmative defense: failure to state a claim for which relief may be granted.

Second affirmative defense: statute of limitations.

Third affirmative defense: statute of limitations.

Fourth affirmative defense: waiver.

Fifth affirmative defense: estoppel.

Sixth affirmative defense: consent/acquiescence.

Seventh affirmative defense: unclean hands.

Eighth affirmative defense: fraud in the inducement.

Ninth affirmative defense: Shelby Wheel was excused from performance as a result of Counterclaimants' prior breach.

Tenth affirmative defense: negligence of the decedent.

Eleventh affirmative defense: good faith, lack of malice and within the scope of fair business practices.

Twelfth affirmative defense: good faith, lack of malice and within the scope of fair business practices.

Thirteenth affirmative defense: failure to mitigate.

Fourteenth affirmative defense: the request for punitive damages is invalid and unconstitutional.

Fifteenth affirmative defense: failure to exercise ordinary care which proximately caused the damages.

Sixteenth affirmative defense: assertion of trademark infringement is invalid or unenforceable.

Seventeenth affirmative defense: assertion of misappropriation is invalid or unenforceable.

Eighteenth affirmative defense: assertion of false designation of origin is invalid or unenforceable.

Nineteenth affirmative defense: wrongful and tortious acts committed with malice by Counterclaimants.

Twentieth affirmative defense: Counterclaimants are not entitled to equitable relief because there are adequate remedies at law.

Twenty first affirmative defense: reservation of right to assert additional defenses.

Of note is the fact that Shelby Wheel produced no documents supporting any defense. It produced invoices, sales reports, and tax returns, all of which evidence unauthorized sales of infringing products, as well has a handful of items of correspondence, which reveals that Shelby Wheel continued using the SHELBY Marks and publicity rights *after* its license agreement had terminated by its own express terms, *after* it had been notified by CSL to cease and desist its use of the SHELBY Marks, and *after* its own attorney acknowledged that the license agreement had expired by at least June 14, 2014. Counterclaimants are unaware of any facts or evidence supporting any of Shelby Wheel's affirmative defenses or any of its denials of liability.

## II. **Bifurcation**

Counterclaimants do not seek bifurcation of any issues.

## III. **Jury Trial**

Counterclaimants timely demanded a jury trial at the same time they filed their counterclaims.

## IV. **Attorneys' Fees**

Counterclaimants are entitled to an award of attorneys' fees incurred to prosecute their claims for trademark infringement under the Lanham Act. The Court has the discretion to award attorneys' fees to the prevailing party under exceptional circumstances. 15 U.S.C. § 1117(a). A case is exceptional under the Lanham Act if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Sunearth, Inc. v. Sun Earth Solar Power Co., Ltd.,* 839 F.3d 1179, 1180 (9th Cir. 2016) (*quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749, 1756 (2014)). A non-exclusive list of factors that may be

considered in making this determination include frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Id.*

Counterclaimants are also entitled to an award of attorneys' fees pursuant to section 3344.1(a)(1) of the California Civil Code for prosecution of their claim for misappropriation of Carroll Shelby's publicity rights. Cal. Civ. Code § 3344.1(a)(1).

Here, Shelby Wheel continued using the SHELBY Marks and publicity rights *after* its license agreement had terminated by its own express terms, *after* it had been notified by CSL to cease and desist its use of the SHELBY Marks, and *after* its own attorney acknowledged that the license agreement had expired by at least June 14, 2014. Shelby Wheel's continued unauthorized use of the SHELBY Marks and publicity rights was objectively unreasonable. Moreover, this case has been litigated by Shelby Wheel in an unreasonable manner, from filing a legally and factually baseless that was dismissed pursuant to Federal Rule of Civil Procedure 11, to failing and refusing to participate in the preparation of pre-trial documents, the failure to meet deadlines, and the overall failure to participate in the legal process.

### V.  **Abandonment of Issues**

Counterclaimants will not pursue their claim for involuntary dissolution of Shelby Wheel.

DATED: March 6, 2017         SEDGWICK LLP

By:   */s/ Caroline H. Mankey*
Attorneys for Defendants
Carroll Hall Shelby Trust, Carroll Shelby Licensing, Inc., and M. Neil Cummings and Counterclaimants Carroll Hall Shelby Trust and Carroll Shelby Licensing, Inc.

84418932v1                                     9